Appellant was charged by indictment with the offense of assault with intent to rape. He entered a plea of guilty and waived a trial by jury.

There are no bills of exception in the record, and no statement of facts showing the evidence offered on the trial of the case.

An examination of the record discloses that the punishment of appellant was assessed by the court at confinement in the penitentiary for a period of "2 to 10 years."

The judgment is void for want of certainty as to the punishment assessed. See Ex parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286; Edwards v. State, Tex. Cr.App., 219 S.W.2d 1022; and Ex parte East, Tex.Cr.App., 225 S.W.2d 833, not yet reported in State reports.

The record fails to show the consent in writing of the attorney for the State to the waiver of a jury as required by Art. 10a, Vernon's Ann.C.C.P. The filing of such written consent is a prerequisite to a trial without a jury in a felony case.

The judgment is reversed and remanded.

Opinion approved by the Court.

## EADY v. STATE.
### No. 24669.

Court of Criminal Appeals of Texas.
Feb. 15, 1950.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Appellant was convicted of the offense of theft of property over the value of $50, and punishment was assessed at five years in the penitentiary.

No statement of facts or bills of exception are found in the record, therefore nothing is presented for review.

All other matters are in due and regular form.

The judgment of the trial court is affirmed.

Opinion approved by the Court.